| Case No. | SACV 19-00011 AG (JDEx) | Date | October 8, 2019 |
|---|---|---|---|
| Title | BANKRUPTCY ESTATE OF TUNG NGUYEN PHUC V. MEDPRO GROUP, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Melissa Kunig | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT**

This is an insurance bad faith action against Defendant MedPro Group, Inc. ("MedPro"), a medical malpractice insurer. Plaintiff Jeffrey Golden now moves to file an amended complaint. (*See generally* Mot., Dkt. No. 17.)

The Court GRANTS IN PART Plaintiff's motion to file an amended complaint. The Court REMANDS this case to Orange County Superior Court. All other pending matters are VACATED.

## 1. BRIEF BACKGROUND

This case stems from an underlying medical malpractice action against Tung Nguyen, a vocational nurse. (Mot. at 2.) In 2015, Nguyen was charged with caring for two-year-old Emma Borges, who depended on a tracheostomy tube in her throat to breathe. (*Id.*) "It was Nguyen's duty to ensure that the tracheostomy tube remained intact and stable." (*Id.*) But unfortunately, while under Nguyen's care, Borges' tracheostomy tube fell out, causing Borges "severe and permanent brain damage." (*Id.*)

Borges then sued Nguyen in January 2016 for medical malpractice. (*Id.*) Nguyen's medical malpractice insurer at the time, Defendant MedPro, defended Nguyen in the action. (*Id.*) Nguyen's MedPro insurance had a policy limit of $1 million. (*Id.*) According to Plaintiff, Borges offered to settle her case against Nguyen by demanding Nguyen's $1 million policy limit on three separate occasions. (*Id.* at 2-3.) But MedPro rejected all three of Borges'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00011 AG (JDEx) | Date | October 8, 2019 |
|---|---|---|---|
| Title | BANKRUPTCY ESTATE OF TUNG NGUYEN PHUC V. MEDPRO GROUP, INC. | | |

settlement demands. Then, "on the eve of arbitration," MedPro allegedly agreed to settle the matter, but only if Borges' parents expressly waived their right to sue MedPro for wrongful death if Borges died. (*Id.* at 3.) Borges rejected MedPro's offer because Borges "had already incurred substantial costs . . . prepar[ing] for arbitration." (*Id.*)

The case then proceeded to arbitration. (*Id.*) In March 2018, the arbitrator found Nguyen negligent and awarded Borges $6,069,139.73 in damages, plus 10% interest. (*Id.*) Given Nguyen's $1 million policy limit, this subjected Nguyen to substantial personal liability. (*Id.*) MedPro appealed the award. (*Id.*) But the appeal didn't stay enforcement of the arbitration award, so Nguyen was forced to file for bankruptcy. (*Id.*) Nguyen's bankruptcy case is pending in a separate action before this Court. (*Id.*)

Plaintiff Jeffrey Golden was appointed Trustee of Nguyen's bankruptcy estate in her bankruptcy case. (*Id.* at 4.) As Trustee, Golden took ownership of "any and all legal claims that Nguyen might assert against third parties." (*Id.*) So on behalf of Nguyen, Golden filed this case against MedPro alleging MedPro mishandled Borges' medical malpractice action. (*Id.*) Specifically, Golden claims MedPro acted unreasonably and in bad faith by repeatedly rejecting Borges' $1 million settlement offers. (*Id.*) As Trustee, Golden elected to file this case in state court. Now, Golden seeks leave to file an amended complaint.

**2. ANALYSIS**

Golden's proposed amendment does two things. First, it adds Margaret Holm—MedPro's attorney in the underlying malpractice action—as a defendant in this case. (Mot. at 1.) Second, it asserts a new claim for negligent infliction of emotional distress against MedPro. (*Id.* at 1, n.1.)

The Court first turns to Golden's request to add Holm to this case. Both parties agree that adding Holm as a defendant destroys complete diversity among the parties, thus stripping this Court of its diversity jurisdiction to hear this case. (*See id.* at 6; Opp'n, Dkt. No. 20 at 18.) Consequently, to the extent Golden's proposed amendment seeks to join Holm, it's governed by 28 U.S.C. Section 1447(e), which applies to diversity-destroying amendments like this one. Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00011 AG (JDEx) | Date | October 8, 2019 |
|---|---|---|---|
| Title | BANKRUPTCY ESTATE OF TUNG NGUYEN PHUC V. MEDPRO GROUP, INC. | | |

defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See* 28 U.S.C. § 1447(e). The "permissive" language of Section 1447(e) "clearly gives" district courts discretion to join a non-diverse defendant. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). When deciding whether to permit joinder under Section 1447(e), courts consider the following factors: (1) "whether there has been unexplained delay in seeking the joinder"; (2) "whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder"; (3) "whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a)"; (4) "whether the claim against the new party seems valid"; and (5) "whether joinder is solely for the purpose of defeating federal jurisdiction." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1081-82 (C.D. Cal. 1999); *see also McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014) (listing similar factors).

Here, given certain concessions in the parties' briefing, the Court need only analyze the first, third, and fifth factors. (*See* Mot. at 14; Opp'n at 21.)

Regarding the first factor, the Court finds Golden didn't unreasonably delay in seeking to join Holm as a defendant in this case. Golden didn't have reason to suspect Holm was at fault for MedPro's decision to reject Borges' settlement offers until recently, when MedPro told Golden it planned on asserting an "advice-of-counsel" defense to Golden's bad faith claims. (Mot. at 7.) Then, "[w]ithin days," Golden "repeatedly informed MedPro, verbally and in writing, of the need to join Holm to the case and sought a stipulation from MedPro to that end." (*Id.*) MedPro refused and Golden promptly filed this motion. Still, MedPro argues the delay here is unreasonable mostly because one of Golden's attorneys—Neil Howard—represented Borges in the underlying medical malpractice action. (*See* Opp'n at 12-13, 21.) And MedPro claims that, in the malpractice case, Howard and Holm exchanged information revealing that Holm assisted MedPro in MedPro's evaluation of Borges' settlement offers. (*Id.* at 2, 6.) This argument is unconvincing. The mere fact that Howard (and, by extension, Golden) knew Holm played *some* role in MedPro's rejection of Borges' settlement proposals doesn't automatically charge Howard with knowing that Holm was likely a driving force behind that rejection. To the contrary, until MedPro indicated it might pursue an advice-of-counsel defense, Howard had strong reason to believe Holm encouraged MedPro to accept

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00011 AG (JDEx) | Date | October 8, 2019 |
|---|---|---|---|
| Title | BANKRUPTCY ESTATE OF TUNG NGUYEN PHUC V. MEDPRO GROUP, INC. | | |

Borges' offers to settle the case. Thus, Golden didn't unreasonably delay in seeking to join Holm as a defendant in this case.

The third factor also weighs in Golden's favor. Though Holm doesn't qualify for joinder under Rule 19(a), just adjudication still requires her presence in this action. *See Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1022 (C.D. Cal. 2002) ("Although courts consider whether a party would meet [the Rule 19] standard for a necessary party, amendment under [Section] 1447(e) is a less restrictive standard for joinder than for joinder under [Rule 19].'" (quoting *Clinco*, 41 F. Supp. 2d. at 1082)). Just adjudication requires joinder where the "'failure to join will lead to separate and redundant actions,'" and where complete relief can't be awarded absent joinder. *See id.* Such is the case here. Indeed, failing to join Holm as a defendant in this case risks at least three additional lawsuits. Golden will be forced to separately sue Holm. Holm might respond by filing her own case against MedPro, asserting what are essentially crossclaims. And if a jury in this case splits fault between MedPro and Holm, MedPro would be forced to separately sue Holm seeking contribution or indemnity. These three potential actions would be *in addition to* the existing medical malpractice litigation, bankruptcy litigation, and bad faith litigation already pending in state and federal court. Further, Golden convincingly argues that failing to join Holm "costs him a portion of the noneconomic damages he might have otherwise been able to recover", suggesting complete relief can't be awarded *in this case* absent joinder. (*See* Mot. at 10.) Thus, Golden has shown just adjudication necessitates joining Holm as a defendant here.

Golden wins on the fifth factor, too. It's clear to the Court that Golden isn't seeking joinder solely to defeat federal jurisdiction. Rather, Golden asserts it wants to join Holm "to ensure that the jury . . . may fully respond to MedPro's anticipated advice-of-counsel defense by allowing the jury to assign recoverable fault to Holm to the extent the jury is, in fact, persuaded that MedPro relied on Holm's advice in failing to settle the Borges litigation." (Mot. at 15.) Golden's proffered explanation makes both practical and economic sense. Practically, it allows Golden to efficiently adjudicate Nguyen's claims against both MedPro and Holm in one action. And economically, it allows Golden to recoup the full measure of his potential damages from all parties at fault. Contrary to MedPro's suggestion, the fact that Golden may generally prefer state court doesn't automatically make his asserted motive illegitimate. *See Dorfman v. Massachusetts Casualty Insurance Company*, No. CV 15-06370 MMM (ASx), 2015 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00011 AG (JDEx) | Date | October 8, 2019 |
|---|---|---|---|
| Title | BANKRUPTCY ESTATE OF TUNG NGUYEN PHUC V. MEDPRO GROUP, INC. | | |

7312413, at *10 (C.D. Cal. Nov. 19, 2015) ("Although Plaintiffs also may have a preference for state court, such a preference cannot be construed negatively any more than [Defendant]'s preference for federal court.") Golden has thus satisfied the Court that he isn't trying to improperly defeat federal jurisdiction through joinder. Accordingly, all but one of the relevant factors weigh in favor of granting Golden's proposed amendment to join Holm as a defendant in this case.

Nevertheless, MedPro argues that permitting amendment here would be improper under Federal Rule of Civil Procedure 16, partly because Golden failed to raise Rule 16 in his moving papers. (Opp'n at 11.) The Court rejects this argument. For one, it's not clear Rule 16 applies when the proposed amendment arises under Section 1447(e), as is the case here. Indeed, several California district courts have held neither Rule 15 nor Rule 16 controls amendments made under Section 1447(e). *See, e.g.*, *Greer v. Lockheed Martin*, No. CV 10-1704 JR (HRL), 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010); *Self v. Equinox Holdings, Inc.*, No. CV 1-04241 MMM (AJWx), 2015 WL 13298146, at *10, n.91 (C.D. Cal. Jan. 5, 2015). And in any case, the Court's reasons for granting amendment under Section 1447(e) would certainly satisfy Rule 16's "good cause" standard for modifying the Court's scheduling order. *See* Fed. R. Civ. P. 16(b)(4).

The Court therefore GRANTS Golden's motion to amend the complaint to add Holm as a defendant. Because this divests the Court of its jurisdiction over this matter, the Court DENIES as moot Golden's motion to amend the complaint to assert a negligent infliction of emotional distress claim against MedPro.

## 3. WHETHER THIS CASE SHOULD BE REMANDED TO STATE COURT

At this point, all that's left to decide is whether this case should be remanded to state court or referred to the Bankruptcy Court as an adversary complaint. Following the hearing, the Court ordered supplemental briefing on this issue. After reviewing that briefing and considering all the arguments made at the hearing, the Court finds remand appropriate.

MedPro's notice of removal asserts federal jurisdiction is proper because diversity jurisdiction exists. (*See* Notice of Removal, Dkt. No. 1 at 2.) *See* 28 U.S.C. § 1132. And although MedPro

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00011 AG (JDEx) | Date | October 8, 2019 |
|---|---|---|---|
| Title | BANKRUPTCY ESTATE OF TUNG NGUYEN PHUC V. MEDPRO GROUP, INC. | | |

makes some reference to bankruptcy jurisdiction in its removal papers, that reference merely states that MedPro "takes no position at this time" regarding whether bankruptcy jurisdiction exists. (*Id.* at 4, n.2.) Thus, MedPro fails to assert bankruptcy jurisdiction as a potential basis for federal jurisdiction. In the Ninth Circuit, "the defendant must state the basis for removal jurisdiction in the petition for removal" to later invoke that category of jurisdiction. *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988) (citing *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969)). Because MedPro has failed to assert bankruptcy jurisdiction in its notice of removal, it can't now use such jurisdiction to avoid remand.

Despite this, MedPro says it can supplement its notice of removal to properly assert bankruptcy jurisdiction since it referenced the Bankruptcy Code in its removal papers. (Supp'l Brief, Dkt. No. 26 at 7.) But that's not true. "The petition [for removal] cannot be amended to add a separate basis for removal jurisdiction after the thirty[-]day period" for removal has lapsed." *O'Halloran*, 856 F.2d at 1381; *see also Arco Envtl. Remediation, LLC v. Dep't Health & Envtl. Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000). And MedPro's notice of removal clearly states that it is "based on diversity jurisdiction" rather than bankruptcy jurisdiction. (Notice of Removal at 4, n. 2.)

The Court finds two other principles significant. First, Golden chose to assert this state law case involving state law claims in state court. *See Atl. Marine Constr. Co. v. U.S. Dist. Court*, 134 S. Ct. 568, 580 (2013) (plaintiff's choice of forum should be given deference). And second, federal courts must "jealously guard" their limited jurisdiction. *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003).

And in all events, consideration of the Section 1447(e) factors also establishes that remand would be efficient and equitable in this case. *See* 28 U.S.C. § 1452(b) (permitting a district court to remand bankruptcy-related claims "on any equitable ground"); *see also In re Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007) (noting that equitable remand for bankruptcy-related claims reflects "an unusually broad grant of authority).

The Court thus REMANDS this case to Orange County Superior Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00011 AG (JDEx) | Date | October 8, 2019 |
|---|---|---|---|
| Title | BANKRUPTCY ESTATE OF TUNG NGUYEN PHUC V. MEDPRO GROUP, INC. | | |

**4. DISPOSITION**

The Court GRANTS IN PART Plaintiff's motion to file an amended complaint. The Court REMANDS this case to Orange County Superior Court. All other pending matters are VACATED.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |